IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

_____

| | |
|---|---|
| JAMIE MIDDLEBROOK, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   No. 07-2373-STA |
| | ) |
| TENNESSEE DEPARTMENT OF | ) |
| CORRECTION, ET. AL. | ) |
| | ) |
| Defendants. | ) |

_____

**ORDER GRANTING DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT**
_____

Before the Court is Defendants' Motion for Partial Summary Judgment (D.E. # 77) filed on August 24, 2009. Plaintiff has responded in opposition, and Defendants have filed a reply brief. For the reasons set forth below, the Motion is **GRANTED**.

**BACKGROUND**

Plaintiff has alleged a cause of action pursuant to 42 U.S.C. § 1983 for violations of her constitutional rights due to conditions of confinement as well as state law tort claims against Defendants. The following facts are not in dispute for purposes of this Motion unless otherwise noted. Plaintiff Jamie Middlebrook, #111544, is an inmate in the custody of the Tennessee Department of Correction ("TDOC") at Mark Luttrell Correctional Center ("MLCC") in Memphis, Tennessee. Defs.' Statement of Undisputed Facts ¶ 1. Defendants were TDOC employees at the time the allegations arose: George Little ("Little") was TDOC Commissioner; Reuben Hodge ("Hodge") was MLCC warden; Charles Banks ("Banks") was MLCC Deputy

1

Warden; and Dwight Barbee ("Barbee") was MLCC Unit Manager. *Id.* at ¶ 2. Defendants were state employees by virtue of the fact that they were employed by TDOC, "an agent and department of the State of Tennessee." *Id.*

On May 6, 2008, United States District Judge J. Daniel Breen entered an Order Granting in Part and Denying in Part the Defendants' Motion to Dismiss. Judge Breen dismissed all of Plaintiff's claims against the State of Tennessee and its agencies, TDOC and MLCC. The Court dismissed all monetary claims against Defendants Little, Hodge, Banks, and Barbee in their official capacities because these Defendants are protected from suit by the Eleventh Amendment. The Court further dismissed (1) all claims against Defendant Little in his individual capacity; (2) all claims for compensatory damages that are based on federal law; (3) any claim that Plaintiff received inadequate medical care in violation of the Eighth Amendment; and (4) any claim that Plaintiff was denied her right of access to courts. Order Granting in Part, Denying in Part Defs.' Mot. Dismiss, May 6, 2008. The only remaining claims are Plaintiff's § 1983 claims and state common law tort claims against the individual Defendants.

In the Motion before the Court, Defendants assert that Michael Douglas is a TDOC employee who is Grievance Board Chairperson at MLCC. Defs.' Statement of Undisputed Facts ¶ 3. While Plaintiff admits that this fact is asserted in Douglas' affidavit, Plaintiff argues that Douglas was not previously identified in discovery. According to Douglas, the following prison grievances filed by Plaintiff regarding MLCC prison conditions were all resolved prior to May 1, 2006:

    #00176439; Job-Related; filed: 01/03/2006; resolved: 01/06/2006

    #00175518; Administrative Staff; filed: 11/12/2005; resolved: 01/09/2006

2

>#00175265; Unit Management; filed: 11/10/2005; resolved: 11/30/2005
>
>#00173756; Administrative Staff; filed: 09/22/2005; resolved: 11/14/2005
>
>#00173300; Security Staff; filed: 09/07/2005; resolved: 10/31/2005
>
>#00171446; Security Staff; filed: 07/05/2005; resolved: 07/26/2005.

*Id*. at ¶ 4.[1]

In Grievance #00171446 filed on January 3, 2006, Plaintiff alleged that "[t]he temperature [in June 2005] has reached 101 degrees and the "humidity is 110." *Id*. at ¶ 5. Plaintiff complained about the heat at the prison and the lack of air conditioning: "[t]hese temperatures, especially the heat index, are dangerous for most people, especially without air conditioning." *Id*. Moreover, she states that "I hear on the radio that Memphis is the hottest city." *Id*. Plaintiff also alleged that the inmates were not given sufficient ice to deal with the summer heat. *Id*. According to Defendants, the grievance process was completed July 26, 2005, the date on which Plaintiff indicated that she would not appeal the decision. *Id*.

In Grievance #00173300, Plaintiff alleged that the outdoor exercise yard did not meet American Correctional Association ("ACA") standards as to size and space required per inmate. *Id*. at ¶ 6. Plaintiff further alleged that a correctional officer, Officer Littlejohn, had harassed, "shocked," and "traumatized" her by his rude, confrontational and threatening actions. *Id*. Plaintiff claimed that Littlejohn had committed "numerous assaults on inmates" and was a "serious problem" at MLCC. *Id*. Plaintiff stated that the threatening and "outrageous" behavior of officers should not be tolerated by the prison administration. *Id*. Plaintiff appealed her

---

[1] Plaintiff disputes this fact simply by stating, "Please see Complaint and Memorandum filed contemporaneously herewith." Without a more direct response, the Court cannot

3

grievance, and the appeal process was complete on October 31, 2005. *Id*.

In Grievance #00173756, Plaintiff alleged that the outdoor exercise yard did not meet ACA and TDOC standards as to size and "clear and unencumbered" space. *Id*. at ¶ 7. Plaintiff complained that exercise equipment was broken and that "there [we]re no showers or dressing areas" in the gym. *Id*. The gym was not air conditioned and was "a sweat box with poor ventilation." *Id*. The exercise yard had "no bathroom facilities" and "no shade is provided." *Id*. Plaintiff alleged that the prison was built to be a reception center not a time-building institution and that "modifications need[ed] to be made to meet the requirements of a time-building female institution." *Id*. Plaintiff added that Officer Littlejohn harassed and intimidated her. *Id*. After a decision was made on her grievance, Plaintiff stated her intention not to appeal on November 14, 2005. *Id*.[2]

In Grievance #00175265, Plaintiff stated that she was "reclassed to the Annex" and wished to be transferred to the main prison compound and then transferred to the Tennessee Prison for Women ("TPW") in Nashville. *Id*. at ¶ 8. Plaintiff complained that there were unsanitary conditions at MLCC including pest infestations. *Id*. Plaintiff claimed that she had "found rat droppings in her cell" and that a snake was found on the unit. *Id*. Plaintiff stated that she should not be "exposed to filth." *Id*. Plaintiff's appeal of the grievance committee's decision was completed on December 5, 2005. *Id*.

In Grievance #00175518, Plaintiff claimed that the MLCC prison administration had failed to protect her from communicable diseases by forcing her to share four (4) toilets with

---

[2] In response to Defendants' Statement of Fact, Plaintiff asserts that the grievance committee only state that "[i]nmate is addressing too many issues in this grievance" without actually resolving the issues.

thirty-two (32) other women. *Id*. at ¶ 9. As a result, Plaintiff requested anti-bacterial or bleach cleaning products. *Id*. Plaintiff again claimed that there were "rat droppings" in her cell and that there was a snake found on her unit. *Id*. Plaintiff claimed that she was allegedly "exposed to filth" and "shouldn't have to live in infestation." *Id*. Plaintiff repeated her request to be transferred to the TPW in Nashville. *Id*. Plaintiff's appeal of the grievance committee's decision was completed on January 20, 2006. *Id*.

In Grievance #00176439, Plaintiff claimed that she was "unable to do my job assignment due to being disabled." *Id*. at ¶ 10. Plaintiff stated that she could not "work in the free world due to my injuries and cannot work construction." *Id*. Plaintiff further alleged that she was being "discriminated against" and was "physically unable" to perform her job assignment because of "medical restrictions." *Id*. After a decision was made on her grievance, Plaintiff stated her intention not to appeal on January 6, 2006. *Id*.

With respect to each grievance listed in Defendants' Statement of Undisputed Facts, Plaintiff has disputed Defendants' statements only in so far as Defendants described each grievance as being resolved. Plaintiff contends that the conditions which formed the basis for her grievances continue.

In their Motion for Partial Summary Judgment, Defendants argue that they are entitled to judgment on two kinds of claims in this case. First, Defendants argue that they have absolute immunity under Tennessee law from Plaintiff's claims of negligence and gross negligence against them. In support, Defendants cite Tenn. Code Ann. § 9-8-307(h), which grants state employees absolute immunity "for acts or omissions in the scope of their employment." All of Plaintiff's state law negligence claims against the individual Defendants relate to the conditions

at the MLCC. Thus, the individual Defendants' acts or omissions all occurred in the scope of their employment as employees of the state. For this reason, the Tennessee Claims Commission has exclusive jurisdiction to hear any claims of negligence or gross negligence against the individual Defendants. Second, Defendants argue that the one-year statute of limitations in § 1983 claims would bar all claims which Plaintiff discovered and pursued through the prison grievance process prior to May 1, 2006. Plaintiff filed her Complaint in this case on May 29, 2007. Defendants argue that Plaintiff had filed six grievances which were all complete prior to May 1, 2006. As a result, any conditions which formed the basis of those grievances cannot be the basis of Plaintiff's § 1983 claims against Defendants. Therefore, Defendants contend that they are entitled to partial summary judgment as to these two types of claims.

In response, Plaintiff argues that Defendants have failed to carry their burden. With respect to her claims of negligence and gross negligence, Plaintiff contends that Defendants must establish that they are entitled to absolute immunity. Plaintiff appears to argue that Defendants' alleged acts were "willful, malicious, criminal, or done for personal gain," which are not entitled to absolute immunity under Tennessee law. Plaintiff cites the deposition testimony of the individual Defendants and another MLCC employee Henry Isaac Jr. apparently to demonstrate that the conditions at MLCC were well known to everyone at MLCC. Thus, the acts or omissions of the individual Defendants were "willful, malicious, criminal, or done for personal gain." Next Plaintiff argues that Defendants' statute of limitations defense to some of the § 1983 claims is unavailing. Plaintiff states that the statute of limitations on those claims is tolled until the appeal is "resolved." According to Plaintiff, the conditions described in the grievances were never resolved even though the grievance process was complete. Therefore, Plaintiff's claims

6

are still timely. For these reasons, Defendants' Motion for Partial Summary Judgment should be denied.

## STANDARD OF REVIEW

Federal Rule of Civil Procedure 56(c) provides that a

> judgment . . . shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.[3]

In reviewing a motion for summary judgment, the evidence must be viewed in the light most favorable to the nonmoving party.[4] When the motion is supported by documentary proof such as depositions and affidavits, the nonmoving party may not rest on his pleadings but, rather, must present some "specific facts showing that there is a genuine issue for trial."[5] It is not sufficient "simply [to] show that there is some metaphysical doubt as to the material facts."[6] These facts must be more than a scintilla of evidence and must meet the standard of whether a reasonable juror could find by a preponderance of the evidence that the nonmoving party is entitled to a verdict.[7] When determining if summary judgment is appropriate, the Court should ask "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so

---

[3] Fed. R. Civ. P. 56(c); *see Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Canderm Pharmacal, Ltd. v. Elder Pharms, Inc.*, 862 F.2d 597, 601 (6th Cir. 1988).

[4] *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

[5] *Celotex*, 477 U.S. at 324.

[6] *Matsushita*, 475 U.S. at 586.

[7] *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986).

one-side that one party must prevail as a matter of law."[8]

Summary judgment must be entered "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial."[9]  In this Circuit, "this requires the nonmoving party to 'put up or shut up' [on] the critical issues of [her] asserted causes of action."[10]  Finally, the "judge may not make credibility determinations or weigh the evidence."[11]  Under Federal Rule of Civil Procedure 56(c), summary judgment is proper "if . . . there is no genuine issue as to any material fact and . . . the moving party is entitled to judgment as a matter of law."[12]

## ANALYSIS

### I. *State Tort Claims*

First, Defendants are entitled to absolute immunity on any claims for state law tort negligence in Plaintiffs' Complaint.  Tenn. Code Ann. § 9-8-307(h) provides, "State officers and employees are absolutely immune from liability for acts or omissions within the scope of the officer's or employee's office or employment, except for willful, malicious, or criminal acts or omissions or for acts or omissions done for personal gain."[13]  This absolute bar to suit against a

---

[8] *Id*. at 251-52 (1989).

[9] *Celotex*, 477 U.S. at 322.

[10] *Lord v. Saratoga Capital, Inc.*, 920 F. Supp. 840, 847 (W.D. Tenn. 1995) (citing *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1478 (6th Cir. 1989)).

[11] *Adams v. Metiva*, 31 F.3d 375, 379 (6th Cir. 1994).

[12] Fed. R. Civ. P. 56(c); *see also Celotex*, 477 U.S. at 322 (1986).

[13] Tenn. Code Ann. § 9-8-307(h).

state employee includes claims for both monetary as well as declaratory and injunctive relief.[14] In this case, Plaintiff has listed twenty-four separate deficiencies at the MLCC ranging from inattention to the physical needs of the inmates to the poor condition of the facility itself all under the heading "Count I  Negligence."[15]  The Complaint alleges, "The foregoing actions and/or inactions and the damages to the Plaintiff were fully and proximately caused by the negligence of the Defendants, jointly and severally."[16]  Thus, the Complaint on its face alleges that these conditions were caused by Defendants' negligence.  It is undisputed that the individual Defendants are employees of the state of Tennessee and that the conditions enumerated exist at their place of employment, a facility owned and operated by the state.  Therefore, the individual Defendants have absolute immunity under Tennessee law from any allegation of negligence for acts or omission in the scope of their employment.[17]

As for Plaintiff's claim of gross negligence, Defendants argue that it too should be dismissed for the same reasons that the Court should dismiss Plaintiff's negligence claims. Tenn. Code Ann. § 9-8-307(h) creates specific exceptions to absolute immunity where the state employee engaged in "willful, malicious, or criminal acts or omissions or for acts or omissions done for personal gain."  Thus, the state does not create a specific exception to absolute immunity for claims of gross negligence.  On the other hand, Tennessee law defines "gross

---

[14] *Ahkeen v. Parker*, 2000 WL 52771, *9 (Tenn. Ct. App. Jan. 10, 2000).

[15] Compl. ¶¶ 34-36.

[16] *Id.* at ¶ 34.

[17] *Watson v. Young*, 2000 WL 987297, *2 (Tenn. Ct. App. 2000) (dismissing prisoner claims of negligence against prison officials pursuant to Tenn. Code Ann. § 9-8-307(h)); *Roberson v. Brasfield*, 1998 WL 70340, *3 (Tenn. Ct. App. 1998) (same).

negligence" as "a conscious neglect of duty or a callous indifference to consequences" or "such entire want of care as would raise a presumption of a conscious indifference to consequences."[18] The Sixth Circuit has noted that the Tennessee courts have not defined "willful" or "malicious" as those terms are used in Tenn. Code Ann. § 9-8-307(h).[19] Nevertheless, the Sixth Circuit has held that "[i]n order to be held liable for willful and malicious conduct [under § 9-8-307(h)], one must act intentionally, deliberately, and purposefully. Willful misconduct requires more than negligence; it suggests "deliberation and intentional wrong-doing."[20] The Court finds little difference between "gross negligence" and "willful and malicious" conduct as defined under Tennessee law. Nevertheless, the statute is specific and creates an exception to Defendants' absolute immunity only for specific claims. Gross negligence is not one of them. Therefore, Plaintiffs' claim for gross negligence is dismissed. Plaintiff's claim for willful and malicious conduct survives.

## II.     *Untimely § 1983 Claims*

Next, Defendants argues that some of Plaintiffs' § 1983 claims are now untimely. Because § 1983 does not contain its own statute of limitations, courts must look to state law to

---

[18] *E.g. Buckner v. Varner*, 793 S.W.2d 939, 941 (Tenn. Ct. App. 1990).

[19] *Purisch v. Tennessee Technological University*, 76 F.3d 1414, 1421 (6th Cir. 1996). The Court is aware of no authority from the Tennessee courts since *Purisch* which would establish the meaning of "willful" or "malicious."

[20] *Cagle v. U.S.*, 937 F.2d 1073, 1076-77 (6th Cir. 1991) (citing *Kingsport v. Quillen,* 512 S.W.2d 569, 573 (Tenn.1974) and *Nashville, C. & S. L.R. Co. v. Wright,* 250 S.W. 903 (Tenn. 1923)).

determine the relevant limitations period.[21] Tennessee provides for a one-year limitations period for federal civil rights actions.[22] To determine when the limitations period began, federal law controls.[23] The Sixth Circuit has held that under federal law the statute of limitations begins to run "when the plaintiff knows or has reason to know of the injury which is the basis of [her] action. A plaintiff has reason to know of [her] injury when [she] should have discovered it through the exercise of reasonable diligence."[24]

Additionally, Section 1997e(a) of the Prison Litigation Reform Act ("PLRA") requires that prisoners must exhaust all available administrative remedies at the correctional facility in which they reside before they can bring § 1983 claims challenging prison conditions.[25] The Sixth Circuit has held that the statute of limitations applicable to a prisoner-initiated § 1983 suit is tolled while the plaintiff exhausts available state remedies.[26] The reason for tolling the statute of limitations is that prisoners cannot bring suit in federal court until the administrative remedies at the facility are exhausted, and it would be unfair to penalize them for not bringing their claims within one year of accrual, if the administrative proceedings were still ongoing.[27] Thus, the

---

[21] *Roberson v. Tennessee*, 399 F.3d 792, 794 (6th Cir. 2005).

[22] *Id*. (citing Tenn. Code Ann. § 28-3-104(a)(3)).

[23] *Id*.

[24] *Id*. (quoting *Sevier v. Turner*, 742 F.2d 262, 273 (6th Cir. 1984)).

[25] 42 U.S.C. § 1997e(a).

[26] *Waters v. Evans*, 105 Fed. Appx. 827, 829 (6th Cir. 2004) (unpublished); *Brown v. Morgan*, 209 F.3d 595, 596 (6th Cir. 2000) (remanding a case to the district court when the record did not reveal when the period of exhaustion expired).

[27] *See Brown*, 209 F.3d at 596.

statute of limitations begins to run once the plaintiff becomes aware of the injury but is tolled while the prisoner seeks redress through administrative proceedings at the prison.

Applying these principles to the six grievances Plaintiff filed prior to May 1, 2006, the Court holds that Plaintiff's § 1983 claims as to those grievances are time barred. While the record does not indicate the precise dates on which Plaintiff learned of the injuries alleged in the grievances, it is clear that Plaintiff had exhausted her administrative remedies more than one year prior to filing her Complaint in this case on May 29, 2007. Regardless then of when Plaintiff learned of the conditions, the one-year statute of limitations had run at the time she filed her Complaint. Plaintiff's argument that the administrative remedy was not exhausted until the actual conditions themselves were "resolved" is without merit. The statute of limitations is tolled only until the administrative process is exhausted, not until the condition is actually ameliorated. Therefore, Defendants' Motion is granted as to the conditions cited in Plaintiff's grievances filed before May 1, 2006.

## CONCLUSION

Defendant's Motion for Partial Summary Judgment on the untimely § 1983 claims and state common law claims of negligence and gross negligence is **GRANTED**.

**IT IS SO ORDERED**.

> s/ S. Thomas Anderson
> S. THOMAS ANDERSON
> UNITED STATES DISTRICT JUDGE
>
> Date: November 23rd, 2009.