## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TENNESSEE
## WESTERN DIVISION

| | | |
|---|---|---|
| **JAMIE MIDDLEBROOK,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **No. 07-2373-STA** |
| | ) | |
| **TENNESSEE DEPARTMENT OF** | ) | |
| **CORRECTION, ET. AL.** | ) | |
| | ) | |
| **Defendants.** | ) | |

## ORDER GRANTING DEFENDANTS' MOTION TO ASCERTAIN STATUS

Before the Court is Defendants' Motion to Ascertain Status of Court's Ruling on Remaining Issues to be Tried (D.E. # 121) filed on August 10, 2010.  Defendant's Motion is **GRANTED**.   For the reasons set forth below, the Court holds that only some of Plaintiff's claims based on timely filed grievances remain for trial.

### BACKGROUND

Plaintiff has alleged a cause of action pursuant to 42 U.S.C. § 1983 for violations of her constitutional rights due to conditions of confinement as well as state law tort claims against Defendants.  During the relevant time period, Plaintiff was an inmate in the custody of the Tennessee Department of Correction ("TDOC") at Mark Luttrell Correctional Center ("MLCC") in Memphis, Tennessee.

On May 6, 2008, United States District Judge J. Daniel Breen entered an Order Granting in Part and Denying in Part the Defendants' Motion to Dismiss.  Judge Breen dismissed all of

1

Plaintiff's claims against the State of Tennessee and its agencies, TDOC and MLCC.  The Court dismissed all monetary claims against Defendants Little, Hodge, Banks, and Barbee in their official capacities because these Defendants are protected from suit by the Eleventh Amendment. The Court further dismissed (1) all claims against Defendant Little in his individual capacity; (2) all claims for compensatory damages that are based on federal law; (3) any claim that Plaintiff received inadequate medical care in violation of the Eighth Amendment; and (4) any claim that Plaintiff was denied her right of access to courts.  Order Granting in Part, Denying in Part Defs.' Mot. Dismiss, May 6, 2008.   At that point the only remaining claims were Plaintiff's § 1983 claims and state common law tort claims against the individual Defendants.

On November 24, 2009, the Court entered an Order Granting Defendants' Motion for Partial Summary Judgment (D.E. # 98).  The Court held that Defendants were entitled to absolute immunity on any claims for state law tort negligence.  The Court did rule that Plaintiff's state law tort claims for willful and malicious conduct survived.  Finally, the Court concluded that claims based on grievances Plaintiff filed prior to May 1, 2006, were time barred and granted Defendants summary judgment as to the conditions cited in Plaintiff's grievances filed before May 1, 2006.

On May 11, 2010, the Court held a hearing to address pre-trial issues with the parties and discuss what claims remained for trial.  The Court instructed the parties to file memoranda within thirty (30) days outlining the surviving issues.  Both parties filed their memoranda; however, the parties disagree about what issues are left in light of the Court's previous dispositive orders.  In their initial brief, Defendants argue that the following claims survived in Plaintiff's case: (1) exposure to excessive cold in winter; (2) extreme water temperature in showers; (3) fire and

2

safety violations and power problems; and (4) failure to train staff members to deal with these alleged deficiencies. Defendants add that Plaintiff must prove willful, intentional, and malicious conduct as to these conditions and is entitled only to nominal or punitive damages and injunctive relief.

In her brief, Plaintiff asserts that her claims based on a substantially broader set of conditions had survived Defendants' dispositive motions. Based on the Court's order of partial summary judgment and its holding that only grievances filed after May 1, 2006 were timely, Plaintiff contends that the fifteen (15) grievances she filed within the applicable statute of limitations remain for trial. Plaintiff provides the grievance number, the issue raised in the grievance, and the date the grievance was received by the facility but does not actually produce all of the grievances themselves. Although the Court dismissed her claims for compensatory damages for her federal claims, Plaintiff also argues that she may still recover compensatory damages on her state law claims for willful and malicious conduct.

In response to Plaintiff's memorandum, Defendants primarily argue that the Court should dismiss most of Plaintiffs' timely claims. Defendants note that of the fifteen (15) timely grievances mentioned in Plaintiff's brief, only seven have actually been filed with the Court. According to Defendants, the conditions described in most of the timely grievances simply repeat complaints about the same or similar conditions Plaintiff previously made in grievances outside of the statute of limitations. The Court has already granted Defendant summary judgment as to those untimely claims. Therefore, the Court should dismiss any claims duplicating earlier grievances even though the repeated complaint was brought in a timely grievance. This would result in only Plaintiff's claims for fire and safety violations and failure to train staff members

3

surviving for trial.  Defendants concede that Plaintiff may recover compensatory damages as to her state law claims.

Plaintiff elected not to respond to Defendants' memorandum.

## ANALYSIS

Pursuant to Prison Litigation Reform Act ("PLRA"), the Court is required to screen and dismiss complaints that are "frivolous or malicious," seek "monetary relief from a defendant who is immune from such relief," or fail "to state a claim on which relief may be granted."[1]  The Court holds that many of the grievances cited by Plaintiff in her brief are not properly before the Court and will thus not be tried in this case.[2]  Plaintiff has listed fifteen grievances, all filed within the statute of limitations some time after May 1, 2006.  Of these fifteen, Plaintiff has provided only seven of the actual grievances detailing her allegations.  Many are raised for the first time in her brief.

The Court holds that Plaintiff has failed to state a claim as to any condition which was never alleged in her judicial Complaint.  Plaintiff filed her Complaint in this case on May 29, 2007.  Four of her timely grievances were made after the filing of Plaintiff's judicial Complaint: lack of fan use (#189823), safety issues related to the fire alarm (#189973), improper training of staff (#196945), and assault by staff (#200000).  At no time has Plaintiff amended her Complaint to reflect any of these conditions grieved after the filing of her Complaint.  Federal Rule of Civil Procedure 15(d) provides

---

[1] *Barhite v. Caruso*, No. 09-1312, 2010 WL 1957493, at *2 (6th Cir. May 14, 2010) (citing 28 U.S.C. §§ 1915(e)(2)(B) & 1915A(b)).

[2] *Id*.

4

> On motion and reasonable notice, the court may, on just terms, permit a party to serve a supplemental pleading setting out any transactions, occurrence or event that happened after the date of the pleading to be supplemented.[3]

Plaintiff has not moved to file a supplemental complaint and certainly has not given reasonable notice of any intention to do so.  Accordingly, Plaintiff has failed to comply with Rule 15(d).  Therefore, claims based on these conditions have not been pled and will not be tried.

Likewise, Plaintiff argues that other timely grievances present triable issues when in fact the conditions alleged in the grievances are not mentioned in her judicial Complaint.  More specifically, Plaintiff's brief mentions the following grievances: failure to schedule a hearing (#182174), staff not following protocol (#184529), and denial of her request to use restroom (#187527).  However, the Court finds that none of these conditions are alleged in the Complaint even though the conditions arose prior to the filing of Plaintiff's suit.  Therefore, claims based on these conditions are not properly before the Court and will not be tried.

In light of these rulings, the Court holds that the following grievances and the prison conditions described therein give rise to the remaining claims in this case: the unsanitary conditions at the facility (#180891), lack of recreation opportunities (#181353), pest infestation (#181496), ice (#181613), padlocks on cell doors (#182383), standing water in the showers (#182781), security in the library (#182958), and assault in the library (#183410).  In so far as the remaining claims are based on conditions Plaintiff grieved within the statute of limitations and those conditions were alleged in Plaintiff's judicial Complaint, the claims are timely and properly before the Court.

---

[3] Fed. R. Civ. P. 15(d).

There remains the issue of whether these alleged conditions rise to the level of a constitutional violation. Some conditions appear to be minor and, even taken together, might not support a claim for violations of Plaintiff's Eighth Amendment rights under § 1983. The Court has very little information in the record before it about the alleged conditions, largely, because Plaintiff has produced only five of the eight timely grievances.[4] For the same reasons, it is not clear to the Court to what extent Plaintiff has exhausted her administrative remedies as to these condition or whether the conditions in these eight grievances repeat earlier grievances which are now time-barred.

Therefore, the Court will conduct an evidentiary hearing on August 23, 2010, to determine whether Plaintiff's remaining claims should be dismissed for failure to state a claim on which relief may be granted pursuant to 28 U.S.C. §§ 1915(e)(2)(B) & 1915A(b).[5] The parties are instructed to present evidence at the August 23 hearing as to each of the eight remaining claims. Should the Court determine that Plaintiff is entitled to trial on any of her claims, the Court will begin jury selection on Tuesday, August 24, 2010, or as soon thereafter as is

---

[4] Plaintiff has filed an Exhibit List disclosing the exhibits she intends to introduce at trial. All of the grievances supporting her remaining claims are referenced in the Exhibit List. (D.E. # 110, June 10, 2010).

[5] 42 U.S.C. § 1997e(f). The Sixth Circuit formerly required a PLRA plaintiff to plead claims with specificity and "show that they have been exhausted by attaching a copy of the applicable administrative dispositions to the complaint. . . ." *See e.g. Knuckles El v. Toombs*, 215 F.3d 640, 642 (6th Cir. 2000). The Sixth Circuit reasoned that the heightened pleading standard was required because "[d]istrict courts should not have to hold time-consuming evidentiary hearings in order simply to determine whether it should reach the merits" of a prisoner's 1983 claims. More recently, the Supreme Court abrogated *Knuckles El* and the heightened pleading rule, concluding that exhaustion was an affirmative defense and not a pleading requirement. *Jones v. Bock*, 549 U.S. 199, 205, 127 S.Ct. 910 (2007). The Supreme Court never specifically stated that an evidentiary hearing was required but that holding is arguably implied from its rejection of *Knuckles El*.

6

reasonably possible depending on the length of the evidentiary hearing.

**IT IS SO ORDERED.**

s/ S. Thomas Anderson
S. THOMAS ANDERSON
UNITED STATES DISTRICT JUDGE

Date: August 13, 2010