**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TENNESSEE**
**WESTERN DIVISION**

---

| | | |
|---|---|---|
| **JAMIE MIDDLEBROOK,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **No. 07-2373-STA** |
| | ) | |
| **TENNESSEE DEPARTMENT OF** | ) | |
| **CORRECTION, ET. AL.** | ) | |
| | ) | |
| **Defendants.** | ) | |

---

### ORDER DENYING PLAINTIFF'S MOTION FOR VOLUNTARY DISMISSAL
---

Before the Court is Plaintiff's Motion for Voluntary Dismissal (D.E. # 141) filed on August 16, 2010. Defendant responded in opposition to Plaintiff's Motion on August 17, 2010. For the reasons set forth below, Plaintiff's Motion is **DENIED**.

Plaintiff has alleged a cause of action pursuant to 42 U.S.C. § 1983 for violations of her constitutional rights due to conditions of confinement as well as state law tort claims against Defendants. During the relevant time period, Plaintiff was an inmate in the custody of the Tennessee Department of Corrections ("TDOC") at Mark Luttrell Correctional Center ("MLCC") in Memphis, Tennessee.

In the Motion before the Court, Plaintiff seeks voluntary dismissal in light of two recent orders issued by the Court: the Magistrate Judge's Order on the Parties' Motions *in Limine* (D.E. # 127) entered August 12, 2010, and the Court's Order on the Remaining Issues (D.E. # 135) entered August 13, 2010. Plaintiff filed a motion to continue trial on August 15, 2010, arguing

1

that Plaintiff intended to prepare objections to the Magistrate Judge's order and to seek reconsideration of the Court's order.  The Court denied Plaintiff's request for continuance. Plaintiff now seeks voluntary dismissal and reiterates the need for additional time to seek review of the Magistrate Judge's order.

"Whether dismissal should be granted under the authority of Rule 41(a)(2) is within the sound discretion of the district court."[1]  The requirement of court approval has as its primary purpose the protection of the non-moving party from unfair treatment.[2]  "Generally, an abuse of discretion is found only where the defendant would suffer plain legal prejudice as a result of a dismissal without prejudice, as opposed to facing the mere prospect of a second lawsuit.[3]

The Court finds that Plaintiff has not demonstrated good cause for voluntary dismissal. Plaintiff's case has been pending now for over three years.  Discovery is complete, and the Court has issued a series of dispositive orders.  The parties coordinated the current trial date with the Court following a pretrial conference in May and agreed that August 23 would be a mutually appropriate date for trial.  This trial date is the seventh setting in this case, the Court having granted five previous motions to continue.[4]  While it is true that not all of the continuances have been attributable to Plaintiff, Plaintiff has filed or joined in three of the previous motions to

---

[1] *Grover by Grover v. Eli Lilly & Co.*, 33 F.3d 716, 718 (6th Cir. 1994) (citation omitted).

[2] *Id*. (citation omitted).

[3] *Id*. (citing *Cone v. West Virginia Pulp & Paper Co.,* 330 U.S. 212, 217, 67 S.Ct. 752, 755, 91 L.Ed. 849 (1947); *Kovalic v. DEC Int'l, Inc.,* 855 F.2d 471, 473 (7th Cir.1988)).

[4] Jt. Mot. Cont. (D.E. # 36) Apr. 8, 2008; Jt. Mot. Cont. (D.E. # 50) Nov. 7, 2008; Def.'s Mot. Cont. (D.E. # 67) Apr. 29, 2009; Def.'s Mot. Cont. (D.E. # 83) Nov. 9, 2009; Pl.'s Mot. Cont. (D.E. # 94) Nov. 18, 2009.  The Court continued the May 2010 trial date *sua sponte*.

continue.  The Court finds that voluntary dismissal will only further delay the resolution of Plaintiff's case.

Plaintiff's only stated basis for dismissal at this late date is Plaintiff's intention to file objections to the Magistrate Judge's order on the parties' motions *in limine*.  Plaintiff has not indicated the specific grounds for her appeal other than to describe the order as "arbitrary, capricious, and inconsistent."  The Court notes that the Magistrate Judge's holdings as to Defendants' motion *in limine* were essentially straightforward: the exclusion of all exhibits pertaining to grievances filed before May 1, 2006 (outside of the statute of limitations) and all exhibits with no connection to Plaintiff.[5]  The Magistrate Judge then deferred ruling on all other exhibits until trial.  Plaintiff emphasizes that she needs the entire fourteen days the rules provide in which to file her objections to the Magistrate Judge's decision.  The Court has already indicated, however, that Plaintiff will have the opportunity to address her objections to the Court orally, saving counsel the time and effort required to prepare a written memorandum.[6]  In fact, when the Court convenes the evidentiary hearing on August 23, Plaintiff will have had eleven (11) days to prepare her objections.  As a practical matter, the Court notes that motions *in limine* are commonly decided on the eve of trial, if not during trial itself.  The Magistrate Judge's ruling is not so overly complex that Plaintiff cannot frame her arguments within the time remaining.  Therefore, the Court finds that Plaintiff will not suffer prejudice by having three fewer days to prepare her objections.

---

[5] Order on the Parties' Mot. *in Limine* 8.

[6] Order Denying Pl.'s Mot. Cont. 2 ("should Plaintiff wish to present additional objections to the Magistrate Judge's order, the Court will grant Plaintiff an opportunity to do so in open court next week.").

Having found no good cause to permit Plaintiff to voluntarily dismiss her case, Plaintiff's Motion is **DENIED**.  The Court will conduct an evidentiary hearing as planned on August 23, 2010.  Should the Court determine that Plaintiff is entitled to trial on any of her claims, the Court will begin jury selection on Tuesday, August 24, 2010, or as soon thereafter as is reasonably possible depending on the length of the evidentiary hearing.

**IT IS SO ORDERED.**

<u>**s/ S. Thomas Anderson**</u>
S. THOMAS ANDERSON
UNITED STATES DISTRICT JUDGE

Date: August 17, 2010

4